# EXHIBIT 1

Clerk of the Superior Court
*** Electronically Filed ***
G. Atabaeva-Coy, Deputy
10/28/2020 9:54:47 AM
Filing ID 12156283

**COPPER CANYON LAW**
*43 E. 1st Avenue*
*Mesa, Arizona 85210*
*Office: (480) 833-3838*
*www.coppercanyonlaw.com*
Timothy F. Coons (031208)
Timothy@coppercanyonlaw.com
Thomas L. Brown (031017)
Thomas@coppercanyonlaw.com
Cameron J. Mitchell (035735)
Cameron@coppercanyonlaw.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Larry Grubbs, an individual, | Case No. CV2020-095772 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| State of Arizona; Andrew LeFevre and Jane Doe LeFevre, husband and wife; and Anthony Vidale and Jane Doe Vidale, husband and wife; Jane Does 1-10 John Does 1-10, | |
| Defendant. | |

Plaintiff, Larry Grubbs, by and through undersigned counsel, hereby alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Larry Grubbs (Mr. Grubbs) was at all times relevant herein a resident of Maricopa County, Arizona.

2. Defendant State of Arizona (the "State") is a body politic of the United States of America and was Mr. Grubbs' ultimate employer.

1

3. At all times relevant herein, Mr. Grubbs was employed as a Program Manager with the Arizona Criminal Justice Commission ("ACJC").

4. Defendant Mr. Andrew LeFevre, the ACJC Director, at all times relevant to this Complaint was an employee of the ACJC and caused the events alleged herein acting under the color of law, within the course and scope of his employment with ACJC, and within his individual capacity in Maricopa County out of which this Complaint arose.

5. Upon information and belief Mr. LeFevre is married and the name of his wife is unknown and therefore listed as Jane Doe LeFevre.

6. Upon information and belief, the alleged acts of Mr. LeFevre were done to the benefit of the marital community and therefore Mr. and Jane Doe LeFevre's marital community is liable to Mr. Grubbs for the acts set forth in this Complaint.

7. Defendant Mr. Anthony Vidale, ACJC Deputy Director, at all times relevant to this Complaint was an employee of the ACJC and caused the events alleged herein acting under the color of law, within the course and scope of his employment with ACJC, and within his individual capacity in Maricopa County out of which this Complaint arose.

8. Upon information and belief Mr. Vidale is married and the name of his wife is unknown and therefore listed as Jane Doe Vidale.

9. Upon information and belief, the alleged acts of Mr. Vidale were done to the benefit of the marital community and therefore Mr. and Jane Doe Vidale's marital community is liable to Mr. Grubbs for the acts set forth in this Complaint.

10. Mr. LeFevre and Mr. Vidale were both Mr. Grubbs' supervisors and acted within their supervisory positions.

11. All acts, agreements, and contracts hereinafter alleged were to be substantially performed, and completed in Maricopa County, Arizona.

12. All the named Defendants herein, and below-named employees or agents of Defendants, are intended to represent individuals acting either in their individual capacities, or as agents, representatives, directors, shareholders, or employees duly authorized and were acting within their employment with regards to the transactions hereinafter alleged.

13. The other fictitiously named Defendants are persons and/or corporations or partnerships that may have caused the incident herein sued on, but whose true names are unknown at this time. Plaintiff will seek leave of the Court to substitute the true names of said parties prior to the entry of Judgment herein.

14. Jurisdiction and venue are appropriate in this Court.

15. Pursuant to Rule 26.2(c)(3), Ariz. R. Civ. P., the presumptive tier assignment for this matter is Tier 2 based on the complexity and amount of damages sought. The damages sought meet the jurisdictional limits for Tier 2.

**GENERAL ALLEGATIONS**

16. Mr. Grubbs was employed as a Program Manager by the ACJC for the State.

17. In or around October 2018, an employee began working for the ACJC as the Public Information Officer ("PIO").

18. In or around November 2018, Mr. Grubbs, in good faith, began to report to his supervisors certain issue related to the PIO that appeared as potential violations of State employee policy and State law.

19. In or around November 2018, Mr. Grubbs also began to report such issues to the Arizona Department of Administration ("ADOA").

20. Specifically, it had become known that the PIO had nude pictures that were commercially available for purchase online.

21. In addition, in or around February 2019, the ACJC's Facebook page became so entangled with the PIO's personal Facebook page that links to the nude photographer's website appeared as related pages to that of the ACJC's Facebook page.

22. These links led to the photographer's website that displayed the nude photographs and made them available for purchase.

23. On or around April 3, 2019, Mr. Grubbs met personally with Mr. LeFevre and Mr. Vidale to discuss his concerns.

24. During that meeting, Mr. Grubbs expressed his concern regarding the issues related to the PIO, their impact on the ACJC, his increasing difficulties with the ACJC work environment, and the treatment he received at the hands of Mr. LeFevre as a result of the complaints.

25. In addition, Mr. Grubbs specifically requested permission and direction from Mr. LeFevre to seek further guidance and direction from the ADOA, Human Resources, or the Arizona Attorney General's office.

26. Mr. Grubbs' supervisors expressed that they did not feel there were any issues with the conduct of the PIO and that they felt that Mr. Grubbs' concerns were based on his personal values and religious beliefs.

27. Notwithstanding, Mr. LeFevre provided Mr. Grubbs verbal authorization to escalate his concerns to the appropriate agency or department.

28. Mr. Grubbs was provided with a written memorandum from Mr. LeFevre authorizing Mr. Grubbs to escalate his concerns with the appropriate agency or department.

29. Based on both the verbal and written authorization provided by Mr. LeFevre, Mr. Grubbs contacted the ADOA Human Resources department via email on or about April 20, 2019.

30. Notwithstanding the express authorization to escalate his concerns, provided in both verbal and written form, directly following reporting his concerns, Mr. Grubbs continued to be discriminated against, retaliated against, and subjected to adverse employment actions in violation of state and federal laws, policies, and procedures.

31. Specifically, on May 2, 2019, less than two (2) weeks after reporting his concerns, Mr. Grubbs was suspended without pay for three (3) days.

32. The suspension cited the April 3, 2019 written memorandum and his subsequent communications with the ADOA as grounds for the suspension; activities that were expressly authorized by Mr. LeFevre.

33. In addition, between November 2018 and May 2019, Mr. Grubbs was subjected to criticizing statements regarding his religious beliefs and values, uninvited intrusions into his office, and an overall rating of "Needs Improvement" on his 2018 and 2019 annual performance reviews.

34. Following the return from his suspension, the discrimination, hostility, and retaliation so intensified that it created an intolerable work environment.

35. Mr. Grubbs could not be expected to endure such an environment and was forced to resign from such a toxic environment on or around May 8, 2019.

36. Subsequently, Mr. Grubbs formalized a Charge of Discrimination on September 13, 2019 with the Arizona Civil Rights Division and the EEOC, citing both religious discrimination and retaliation. A true and correct copy of the Charge is attached as **Exhibit A**.

37. Mr. Grubbs had formally submitted various demand letters and public records requests, under the Federal Freedom of Information Act, to the ADOA for copies of communications or other documentation relating the discipline and other actions taken against him.

38. After several weeks, the requests were either denied without any justification or otherwise ignored.

39. The ADOA eventually instructed Mr. Grubbs to seek his official personnel file directly from the ACJC.

40. Otherwise, Defendants have ignored 95% of Mr. Grubbs' requests with no explanation why material is being withheld.

41. Ultimately, the U.S. Department of Justice, Civil Rights Division issued Mr. Grubbs a Notice of Suit Rights for both charges dated August 14, 2020. A true and correct copy of the Notice is attached as **Exhibit B**.

42. All conditions precedent to this lawsuit have been satisfied or have occurred.

//
//
//

## COUNT ONE
## TITLE VII - UNLAWFUL RELIGIOUS DISCRIMINATION

43. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

44. Mr. Grubbs, in good faith, began to report what he perceived to be violations of state law and state employee policy committed by a new employee.

45. Mr. Grubbs was expressly authorized, both verbally and in writing, to escalate his concerns to additional departments/agencies.

46. Despite being expressly authorized, Mr. Grubbs was subsequently suspended for his actions.

47. In addition, Mr. Grubbs was subjected to discriminatory actions such as statements regarding his personal values and religious beliefs, intrusions into his office, and a "Needs Improvement" rating on his annual performance reviews.

48. Mr. Grubbs' supervisors expressed their position that the concerns Mr. Grubbs were raising were based on his personal values and religious beliefs.

49. Following his suspension, the discriminatory actions and hostility only increased.

50. Mr. Grubbs could not be expected to endure such an environment and was forced to resign from such a toxic environment on or around May 8, 2020.

51. Defendant, through its agents, have engaged in unlawful discriminatory actions due to Plaintiff's religion with respect to his terms, conditions, privileges, and opportunities of employment in violation of Title VII.

52. These continued actions have caused severe emotional distress and financial hardship in amounts to be proven at trial.

53. The State of Arizona is respondeat superior liable for the acts of Defendants Mr. LeFevre and Mr. Vidale.

## COUNT TWO
## TITLE VII - UNLAWFUL RETALIATION

54. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

55. Mr. Grubbs, in good faith, began to report what he perceived to be violations of state law and state employee policy committed by a new employee.

56. Mr. Grubbs was expressly authorized, both verbally and in writing, to escalate his concerns to additional departments/agencies.

57. Despite being expressly authorized, Mr. Grubbs was subsequently suspended for his actions.

58. Both prior to and then directly following the authorized reporting, Mr. Grubbs was subjected to discriminatory actions such as statements regarding his personal values and religious beliefs, intrusions into his office, and a "Needs Improvement" rating on his annual performance reviews.

59. Following his suspension, the discriminatory actions and hostility only increased.

60. Mr. Grubbs could not be expected to endure such an environment and was forced to resign from such a toxic environment on or around May 8, 2020.

61. Defendants, through its agents, have engaged in unlawful retaliatory actions in violation of Title VII.

62. These continued actions have caused severe emotional distress and financial hardship in amounts to be proven at trial.

63. The State of Arizona is respondeat superior liable for the acts of Defendants Mr. LeFevre and Mr. Vidale.

**COUNT THREE**
**Violations of A.R.S. § 38-352**

64. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

65. Mr. Grubbs was at all times relevant herein an employee as defined by A.R.S. § 38-351.

66. Mr. LeFevre and Mr. Vidale were "public bodies" as defined by A.R.S. § 38-351.

67. Mr. Grubbs disclosed information to his supervisors and public body that he reasonably believed were a matter of public concern regarding potential violations of the law regarding the PIO's actions.

68. Mr. LeFevre and Mr. Vidale committed a prohibited personnel practice/action as defined by A.R.S. § 38-351 by disciplining and suspending Mr. Grubbs in violation of A.R.S. § 38-352.

69. Pursuant to A.R.S. § 38-352(C), Mr. LeFevre and Mr. Vidale are each personally liable for payments of up to $5,000 to a fund to be later-designated.

70. Pursuant to A.R.S. § 38-352(D), Mr. Grubbs "may recover attorney fees, costs, back pay, general and special damages and full reinstatement for any reprisal resulting from the prohibited personnel practice as determined by the court."

//
//
//

## COUNT THREE
### Liability Pursuant 42 U.S.C. § 1983

71. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

72. Defendants Mr. LeFevre and Mr. Vidale were acting under the color of law while acting in their capacities as supervisors of the ACJC and under the regulations and policies of the ACJC.

73. Defendants, through their actions, have deprived Mr. Grubbs of his rights under the laws of the United States to not be subjected to discriminatory treatment and retaliation.

74. Defendants' actions have caused severe emotional distress and financial hardship in amounts to be proven at trial.

## COUNT THREE
### Violations of Arizona Public Records Laws; A.R.S. § 39-101 *et. seq.* and Freedom of Information Act; 5 U.S.C. § 551 *et. seq.*

75. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

76. Mr. Grubbs, through his attorneys, has lawfully requested various public records be provided to him.

77. Arizona caselaw maintains a strong policy favoring open disclosure and access. *See e.g. Cox Arizona Publications, Inc. v. Collins*, 175 Ariz. 11 (Ariz. 1993).

78. As such, the burden is on the State to overcome the presumption favoring disclosure. *See e.g. Mitchell v. Superior Court*, 142 Ariz. 332, 335 (1984)

79. The State has not provided any justification or rationale to Mr. Grubbs for the refusal to disclose the records.

80. Further, the State wholly failed to make any records "promptly available" pursuant to 5 U.S.C. § 552(a)(3)(A); *see also* 5 U.S.C. § 552(a)(6).

81. Pursuant to A.R.S. § 39-121.02, Defendants are liable to Mr. Grubbs for their failure to disclose the records requested.

82. Pursuant to A.R.S. § 39-121.02 and 5 U.S.C. § 552(a)(4)(E), Mr. Grubbs is entitled to his fees and costs as well as damages resulting from such refusal.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For all damages as permitted by law including but not limited to front and back pay damages, emotional distress damages, liquidated damages, and any other damages allowed by law.

B. For interest at the highest rate allowed by law from the earliest time permitted by law until the judgment is paid in full;

C. For attorneys' fees and costs as provided by law or by statute

D. For prejudgment and post-judgment interest in the highest amount allowed by law; and,

E. For such other and further relief as may be just and proper in law and equity.

//
//
//

RESPECTFULLY SUBMITTED this 28th day of October, 2020

                         **COPPER CANYON LAW, LLC**

                         /s/ Thomas Brown
                         Thomas Brown
                         43 E. 1st Ave
                         Mesa AZ, 85210

# Exhibit A

RECD BY

SEP 04 2019

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 540 2019-04876 PXDO |

Arizona Attorney General's Office – Civil Rights Division _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr, Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Larry Grubbs | 480-861-5398 | 09/27/1976 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7342 E. Pampa Ave, | Mesa, AZ 85212 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Arizona Criminal Justice Commission – State of Arizona | 500+ | 602-364-1146 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1110 West Washington Street, Suite 230 | Phoenix, AZ 85007 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
|  |  |  |

| Street Address | City, State, and ZIP Code |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☒ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 1/2019   Latest: 5/2019

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Larry Grubbs was employed as a Program Manager by the Arizona Criminal Justice Commission (the "ACJC"). In late October 2018, an employee started working at ACJC as the Public Information Officer (the "PIO"). In November 2018, Larry in good faith, began reporting to his supervisors and to the Arizona Department of Administration (the "ADOA") issues related to the PIO that appeared to him be possible violations of state law and state employee policy.

One concern that Larry reported in November 2018 was the PIO had nude pictures that were commercially available for purchase online. Additionally by February 2019, the ACJC Facebook page had become entangled with the PIO's personal Facebook page. Links to the nude photographer's Facebook page (leading to the photographer's website where the nude photos were available for purchase) appeared as related pages on the ACJC Facebook page.

Larry met with his supervisors Andrew LeFevre, ACJC Director, and Anthony Vidale, ACJC Deputy Directory, on April 3, 2019. In this meeting, Larry continued to voice his concerns regarding issues related to the PIO, their impact on ACJC, his increasing difficulties with the work environment at ACJC, and his treatment by Director LeFevre as a result of his complaints. During the meeting, Larry specifically requested permission and direction from Director LeFevre to seek further guidance from ADOA Human Resources or the Attorney General's Office (the "AG") about those issues he, in good faith, perceived to be continuing violations.

In response to Larry's request, Director LeFevre expressly stated that he would allow Larry to seek further guidance and would provide him with direction on whether ADOA or the AG was the most appropriate agency to seek guidance from regarding the conduct and practices of the PIO. During the meeting Larry's supervisors expressed that they did not have issues with the conduct of the PIO, that they did not believe any violations had taken place, and felt that Larry's concerns were based on his personal values and religious beliefs.

REC'D BY

SEP 13 2019

PXDO

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA (Amended) ☒ EEOC | 540-2019-04876 |

Arizona Attorney General's Office – Civil Rights Division         and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Larry Grubbs | 480-861-5398 | 09/27/1976 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7342 E. Pampa Ave, | Mesa, AZ 85212 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Arizona Criminal Justice Commission – State of Arizona | 500+ | 602-364-1146 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1110 West Washington Street, Suite 230 | Phoenix, AZ 85007 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 1/2019    Latest: 5/2019

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Larry Grubbs was employed as a Program Manager by the Arizona Criminal Justice Commission (the "ACJC"). In late October 2018, an employee started working at ACJC as the Public Information Officer (the "PIO"). In November 2018, Larry in good faith, began reporting to his supervisors and to the Arizona Department of Administration (the "ADOA") issues related to the PIO that appeared to him be possible violations of state law and state employee policy.

One concern that Larry reported in November 2018 was the PIO had nude pictures that were commercially available for purchase online. Additionally by February 2019, the ACJC Facebook page had become entangled with the PIO's personal Facebook page. Links to the nude photographer's Facebook page (leading to the photographer's website where the nude photos were available for purchase) appeared as related pages on the ACJC Facebook page.

Larry met with his supervisors Andrew LeFevre, ACJC Director, and Anthony Vidale, ACJC Deputy Directory, on April 3, 2019. In this meeting, Larry continued to voice his concerns regarding issues related to the PIO, their impact on ACJC, his increasing difficulties with the work environment at ACJC, and his treatment by Director LeFevre as a result of his complaints. During the meeting, Larry specifically requested permission and direction from Director LeFevre to seek further guidance from ADOA Human Resources or the Attorney General's Office (the "AG") about those issues he, in good faith, perceived to be continuing violations.

In response to Larry's request, Director LeFevre expressly stated that he would allow Larry to seek further guidance and would provide him with direction on whether ADOA or the AG was the most appropriate agency to seek guidance from regarding the conduct and practices of the PIO. During the meeting Larry's supervisors expressed that they did not have issues with the conduct of the PIO, that they did not believe any violations had taken place, and felt that Larry's concerns were based on his personal values and religious beliefs.

Exhibit B



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4701*
*Washington, DC 20530*

August 14, 2020

Mr. Larry Grubbs
c/o Spencer Coons, Esquire
Copper Canyon Law
43 E. 1st Ave.
Mesa, AZ 85210

Re: EEOC Charge Against State of Arizona, Criminal Justice Commission
No. 540201904876

Dear Mr. Grubbs:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Phoenix District Office, Phoenix, AZ.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

by    /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Phoenix District Office, EEOC
State of Arizona, Criminal Justice Commission